IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN R. JENSEN, | ) |
| | ) Case No. CV 08-483-E-CWD |
| Plaintiff, | ) |
| | ) **MEMORANDUM DECISION** |
| v. | ) **AND ORDER** |
| | ) |
| FEDEX FREIGHT, INC., f/k/a FEDEX | ) |
| FREIGHT WEST, INC., and STANDARD | ) |
| INSURANCE COMPANY, a/k/a THE | ) |
| STANDARD, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**I.**
**Introduction**

Plaintiff Steven Jensen ("Jensen") filed this action against his former employer, FedEx

Freight, Inc. ("FedEx"), and his employer's benefits contract administrator, Standard Insurance

Company ("Standard"), seeking an award of unpaid benefits under ERISA.  FedEx and Standard

filed motions to dismiss Jensen's Amended Complaint, arguing that Jensen failed to state a claim

against them.  (Docket Nos. 12, 14.)[1]  Upon review of the record, the parties' briefs, and the

---

[1] The Court finds the motions suitable for disposition without oral argument pursuant to Dist.
Idaho Loc. Civ. R. 7.1(d)(2).

**MEMORANDUM DECISION AND ORDER - 1**

allegations in the Amended Complaint, the Court will grant the motions and dismiss Jensen's

Amended Complaint for the reasons discussed below.

**II.**
**Background**

**A.     Facts.**

Jensen worked for FedEx until February of 2005, when he ceased work due to disability.

While he was employed, FedEx provided a group disability insurance policy for its employees as

part of its benefits plan (hereafter, the "Plan").  Jensen paid premiums for this long-term

disability insurance through FedEx.  Prior to January 1, 2004, FedEx contracted with Sun Life

Assurance Company ("Sun" or the "Sun Policy") to provide disability insurance benefits to

FedEx employees who were beneficiaries of the Plan.  After January 1, 2004, FedEx provided

long-term disability benefits to its employees through a group insurance policy issued by

Defendant Standard ("Standard" or the "Standard Policy").

Jensen became disabled on August 19, 2004, and qualified for long-term disability

benefits to be paid beginning on February 16, 2005.  In January of 2005, Jensen requested a copy

of the summary plan description for long-term disability benefits.  FedEx mistakenly sent him a

copy of the Sun Policy rather than the Standard Policy.  Jensen began receiving disability

benefits under the Standard Policy in or about February, 2005.  It is not clear from the Amended

Complaint whether Jensen knew he was receiving benefits under the Standard Policy, or whether

he thought he was receiving benefits under the Sun Policy.  Jensen acknowledges, however, that

the Standard Policy was in effect when he became disabled, and the disability benefits

enrollment form he completed on January 19, 2005, contained a header at the top identifying

Standard as the insurer.  (FedEx Mem. Ex. 2, Docket No. 12-3.)

**MEMORANDUM DECISION AND ORDER - 2**

Both policies contained a provision allowing a reduction in Jensen's disability payment by any income he or his dependents might be receiving from other sources. When Jensen's adopted minor daughter became eligible to receive $942.00 per month in Social Security disability benefits as a result of Jensen's disability, this in turn offset Jensen's disability payment from Standard by $942.00 per month. Jensen divorced on November 17, 2005, and his ex-wife was awarded primary residential custody of their daughter. After the divorce, Jensen's ex-wife received their daughter's Social Security disability benefit as the custodial parent.

The custody arrangement, and the resulting payment of the $942.00 to Jensen's ex-wife, resulted in no change to the amount of Jensen's disability payment under the Standard Policy, even though Jensen's daughter was no longer living with him and he did not receive his daughter's benefit payment. The Standard Policy contained a provision that reduced Jensen's disability payments by the amount of benefits his daughter received, even if she was no longer part of his household and his ex-wife received her disability payment. (FedEx Mem. Ex. 3, Docket No. 12-4.) Had the Sun Policy been in effect, however, the disability benefit payment payable to Jensen would have increased by $942.00 per month as soon as his daughter ceased living with him and his daughter's social security benefit became payable to his ex-wife. The Sun Policy contained a custody exception provision that reduced Jensen's benefits by the amount of benefits his daughter received from social security only if his daughter's benefit payment was payable to him and not to his divorced spouse.

Jensen inquired of FedEx about why his disability benefit payment did not increase when he no longer had primary custody of his daughter. FedEx eventually supplied Jensen with its summary plan description that included the Standard Policy in or about November, 2005. Jensen

**MEMORANDUM DECISION AND ORDER - 3**

contends he was unaware of the provision in the Standard Policy that allowed the offset in benefits to continue regardless of whether he received his daughter's Social Security benefit payment.  He believed benefits under the Plan should have been paid in accordance with the Sun Policy, which would have resulted in an increase in his benefits upon relinquishing custody of his daughter.  Based upon such reliance, Jensen appealed Standard's decision denying him the additional $942.00 in benefits.  Standard reviewed his claim again, but stood by its original decision and the language in its policy, notifying Jensen on January 18, 2008, that he had exhausted his administrative remedies.  (FedEx Mem. Ex. 3, Docket No. 12-4.)  This lawsuit was filed on November 10, 2008.  (Docket No. 1.)

**B.      Arguments of the Parties.**

In the Amended Complaint, Jensen alleges that he is entitled to an award of additional disability benefits under FedEx's Plan.  The benefits to which he alleges he is entitled amount to $942.00 for each month after his daughter ceased living with him.  He bases his claim for damages upon various theories.  First, Jensen alleges that FedEx's failure to provide him with a copy of the summary plan description with the Standard Policy provisions under 29 U.S.C. § 1024(b)(1) entitles him to an award of benefits.  Second, Jensen alleges that FedEx breached its fiduciary duty in violation of 29 U.S.C. § 1104(a)(1)(B) by failing to provide him with a copy of the policy then in effect at the time of his disability, and by failing to inform him of the material change in the Plan's terms.  Next, he claims that he is entitled to benefits based upon detrimental reliance and equitable estoppel, contending that he relied upon the summary plan description with the Sun Policy provisions to his detriment, and FedEx should be estopped from claiming that the Standard Policy, rather than the Sun Policy, was in effect at the time he became disabled.

**MEMORANDUM DECISION AND ORDER - 4**

Jensen's fourth claim seeks declaratory and injunctive relief against FedEx under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3), declaring that FedEx's actions constitute a violation of its fiduciary duties under ERISA and enjoining further violations of ERISA.  As and for his final claim, Jensen seeks attorney fees and costs.

Fed Ex and Standard argue that none of the above claims survive their motions to dismiss.  First, FedEx maintains that Jensen received exactly what he was entitled to under its Plan and the Standard Policy, and thus cannot prevail under 29 U.S.C. § 1132(a)(1)(B).  Second, FedEx argues that procedural violations, such as failing to provide a copy of the correct summary plan description, cannot form the basis for a claim for damages under ERISA absent any bad faith or fraud.  Third, FedEx contends that Jensen has not alleged facts to support a claim for breach of fiduciary duty under 29 U.S.C. § 1104,  because the Plan did not suffer any losses, a requirement for a breach of fiduciary duty claim.  Finally, FedEx asserts that Jensen has not alleged any facts demonstrating detrimental reliance or equitable estoppel under ERISA, because Jensen knew the Standard Policy was in effect at the time he became disabled.

Standard argues that it is not a proper party under ERISA, because ERISA does not allow suits to be brought against the insurer.  Suits must instead be brought against the plan administrator.  Even if it were a proper party, Standard maintains that Jensen has alleged no wrongdoing on its part.

**MEMORANDUM DECISION AND ORDER - 5**

**III.**
**Discussion**

**A.      Standard of Review.**

      **1.      Motion to Dismiss.**

Defendants filed their motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted.  In reviewing a complaint under this Rule, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  However, a complaint, or portions thereof, will be dismissed if the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly* with approval).

A complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations . . . but requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S.Ct. at 1964-65 (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965.  The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

If either party submits materials outside the pleadings in support of or in opposition to the motion, and the Court relies upon those materials, a motion to dismiss under Rule 12(b)(6) must be converted into a motion for summary judgment. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  But if the Court does not rely upon the extra materials in rendering its decision, a

**MEMORANDUM DECISION AND ORDER - 6**

Rule 12(b)(6) motion need not be converted into a motion for summary judgment simply because matters outside the pleading are introduced. *Keams v. Tempe Technical Institute, Inc.*, 110 F.3d 44, 46 (9th Cir. 1997).

Defendants both submitted exhibits attached to their memorandums. Jensen had a reasonable opportunity to present all material pertinent to the motions, as he did not file a motion to strike the exhibits and filed a timely response memorandum. Fed. R. Civ. P. 12(d). Accordingly, the exhibits are part of the record on the motion to dismiss, and the Court, in its discretion, considered the Exhibits in evaluating the motions to dismiss. Consequently, the Court treated the motions as motions for summary judgment under Fed. R. Civ. P. 12(d) and 56(c)(2).

        **2.      Motion for Summary Judgment.**

Motions for summary judgment are governed by Fed. R. Civ. P. 56(c)(2), which provides, in pertinent part, that judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

A moving party must show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets the requirement of Rule 56 by either showing that no genuine issue of material fact remains or that there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion who "must set forth specific facts showing that there is a genuine issue for trial."

**MEMORANDUM DECISION AND ORDER - 7**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  It is not enough for the [nonmoving] party to "rest on mere allegations or denials of his pleadings."  *Id.*  Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Id.* at 250.

In determining whether a genuine issue of material fact exists, facts and inferences must be viewed most favorably to the non-moving party.  To deny the motion, the Court need only conclude that a result other than that proposed by the moving party is possible under the facts and applicable law.  *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 591 (9th Cir. 1981).  The Ninth Circuit has emphasized that summary judgment may not be avoided merely because there is some purported factual dispute, but only when there is a "genuine issue of material fact."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir. 1992).  The Ninth Circuit has found that, to resist a motion for summary judgment, the non-moving party:

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the nonmoving party's claim implausible.

*British Motor Car Distrib. Ltd. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371, 374 (9th Cir. 1989).

## B.   Jensen's Claims Must Be Dismissed.

### 1.   Claim for Payment of Benefits Under 29 U.S.C. § 1024(b)(1) Against FedEx and Standard.

Jensen's first claim for relief asserts he is entitled to benefits because FedEx failed to provide him with a summary description of the material changes in his rights under the long term

**MEMORANDUM DECISION AND ORDER - 8**

disability benefits plan, relying upon 29 U.S.C. § 1024(b)(1) and 29 U.S.C. § 1022(a).  Jensen

contends Standard is obligated to pay benefits to the extent of its insurance agreement with

FedEx.

> Section 1024(b)(1) states:

>> Publication of the summary plan descriptions and annual reports
>> shall be made to participants and beneficiaries of the particular
>> plan as follows:
>> (1) The administrator shall furnish to each participant, and each
>> beneficiary receiving benefits under the plan, a copy of the
>> summary plan description, and all modifications and changes
>> referred to in section 1022(a)(1) of this title—
>> (A) within 90 days after he becomes a participant, or (in the case
>> of a beneficiary) within 90 days after he first receives benefits, or
>> (B) if later, within 120 days after the plan becomes subject to this
>> part.

29 U.S.C. § 1024(b)(1).

Jensen claims that FedEx failed to provide him with a copy of the correct brochure

when he requested a copy of the summary plan description.  He contends that elimination of the

custody exception in the Standard Policy constituted a material change of rights and obligations

under the Plan, and that FedEx failed to notify him of such change under 29 U.S.C. § 1022(a)[2]

within the applicable time limitation.  He alleges that he should therefore receive benefits under

---

[2]  29 U.S.C. § 1022(a) states:

> A summary plan description of any employee benefit plan shall be furnished to
> participants and beneficiaries as provided in section 1024(b) of this title. The
> summary plan description shall include the information described in subsection
> (b) of this section, shall be written in a manner calculated to be understood by
> the average plan participant, and shall be sufficiently accurate and
> comprehensive to reasonably apprise such participants and beneficiaries of their
> rights and obligations under the plan. A summary of any material modification in
> the terms of the plan and any change in the information required under
> subsection (b) of this section shall be written in a manner calculated to be
> understood by the average plan participant and shall be furnished in accordance
> with section 1024(b)(1) of this title.

**MEMORANDUM DECISION AND ORDER - 9**

the Sun Policy provisions rather than under the Standard Policy provisions, and is claiming money damages for failure to disclose the material change in the Plan that eliminated the custody exception.

Jensen's claim is not materially different than that of an employee claiming he or she never received a copy of the plan brochure upon request.  However, the mere fact that Jensen did not receive a copy of the Standard Policy and in fact received a copy of the outdated Sun Policy is not sufficient for Jensen to recover benefits.  "Ordinarily, a claimant who suffers because of a fiduciary's failure to comply with ERISA's procedural requirements is entitled to no substantive remedy."  *Parker v. Bankamerica Corp.*, 50 F.3d 757, 768 (9th Cir. 1995) (citing *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1353 (9th Cir.), *cert. denied*, 474 U.S. 865 (1985)).  If a plaintiff is seeking to invalidate a plan or be awarded money damages based upon disclosure violations, the majority of courts require "a showing of active concealment or of some significant reliance upon or possible prejudice flowing from a faulty summary plan description."  *Henne v. Allis-Chalmers Corp.*, 660 F.Supp.1464, 1474 (E.D. Wis. 1987) (citing *Blau*, 748 F.2d at 1353).

In *Henne*, the employer failed to amend its plan summary or otherwise notify the participants of a material change, which had the effect of narrowing when benefits had to be paid.  But there was no "active concealment," and no claim that the employer refused to let participants examine or obtain a copy of the plan.  Although Allis-Chalmers took no steps to notify the beneficiaries of the plan amendment, it took no steps to keep the plan document secret. Absent any flagrant and egregious violations of ERISA disclosure provisions, the court in *Henne* held that the terms of the new plan controlled.  *Henne*, 660 F.Supp. at 1475; *see also Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1330 (9th Cir. 1996) ("Any ERISA claimant who suffers

**MEMORANDUM DECISION AND ORDER - 10**

because of a fiduciary's failure to comply with ERISA's procedural requirements is ordinarily not entitled to a substantive remedy such as the retroactive reinstatement of benefits"); *Parker*, 50 F.3d at 768-69 (noting that the failure to comply with ERISA's procedural requirements does not compel an award of employee benefits).

However, the court in *Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir. 1985), *abrogation on other grounds recognized by Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889, 894 n.4 (9th Cir. 1990), recognized that an exception to the general rule exists when the procedural violations result in "substantive harm." *Blau*, 748 F.2d at 1354. In contrast to the facts in *Henne*, the Del Monte Plan Administrator made no attempt to comply with ERISA's procedural requirements; violated virtually every applicable ERISA requirement; and otherwise engaged in a scheme to flout ERISA's reporting and disclosure mandates. Under those facts, the violations of the disclosure and reporting requirements amounted to arbitrary and capricious conduct that altered the substantive relationship of the employees vis-a-vis the plan, and weighed heavily against Del Monte.

Accepting the allegations in the Amended Complaint as true, Jensen has not alleged facts showing a pattern of active concealment, intentional misstatements, or substantive harm resulting from continuing procedural violations such that the exception in *Blau* would apply. Other than the one mistake in providing Jensen the incorrect policy, Jensen has not alleged that FedEx engaged in any conduct that would rise to the level considered egregious in *Blau*. When Jensen had questions upon his eligibility for disability benefits, a plan description, albeit the wrong one that included the Sun Policy, was provided to him. Unlike in *Blau*, Jensen received the benefits under the Standard Policy to which he was entitled upon becoming eligible for

disability benefits from February 16, 2005, to the present.  At the time of his disability, there is no dispute he would have received the same benefits under the Sun Policy as under the Standard Policy then in effect.  When Jensen asked for another copy of the plan description after his divorce, one with the Standard Policy was provided to him.  In other words, the mistake here cannot be said to rise to the level in *Blau* such that it affected the substantive relationship between employer and employee that the disclosure rules are designed to balance.

Therefore, Jensen's first claim for relief against FedEx will be dismissed.  Considering the facts as alleged in the Amended Complaint as true, the procedural violations do not rise as a matter of law to the level of arbitrary and capricious conduct sufficient to support an award of benefits.  To the extent that this claim is also asserted against Standard, for the same reasons, the claim for relief against Standard will be dismissed.

### 2.   Claim for Damages Against FedEx for Breach of Fiduciary Duty Under 29 U.S.C. § 1104(a)(1)(B) and 29 U.S.C. § 1109.

Jensen next claims that FedEx's breach of fiduciary duties in failing to provide him with a copy of the correct plan description upon his disability resulted in "losses for which [FedEx] is liable pursuant to 29 U.S.C. § 1109."  (Am. Compl. ¶ 40, Docket No. 2.)  The losses he seeks are benefits payable under the Plan in the form of damages payable to him for his detrimental reliance upon the wrong Plan document.  The damage Jensen identifies is the loss to him of $942.00 per month from the time he relinquished custody of his daughter and her social security disability benefit in this amount became payable to his ex-wife.

29 U.S.C. § 1104(a)(1)(B) sets forth the standard of care for fiduciaries of a plan:

> (a) Prudent man standard of care
> (1) Subject to sections 1103(c) and (d), 1342, and 1344 of this title,
> a fiduciary shall discharge his duties with respect to a plan solely

> in the interest of the participants and beneficiaries and—
> ***
> (B) with the care, skill, prudence, and diligence under the
> circumstances then prevailing that a prudent man acting in a like
> capacity and familiar with such matters would use in the conduct
> of an enterprise of a like character and with like aims.

29 U.S.C. § 1109(a) states that a fiduciary is subject to liability for a breach of fiduciary duty as

follows:

> (a) Any person who is a fiduciary with respect to a plan who
> breaches any of the responsibilities, obligations, or duties imposed
> upon fiduciaries by this subchapter <u>shall be personally liable to</u>
> <u>make good to such plan any losses to the plan resulting from each</u>
> <u>such breach, and to restore to such plan any profits of such</u>
> <u>fiduciary which have been made through use of assets of the plan</u>
> <u>by the fiduciary</u>, and shall be subject to such other equitable or
> remedial relief as the court may deem appropriate, including
> removal of such fiduciary. A fiduciary may also be removed for a
> violation of section 1111 of this title.

29 U.S.C. § 1109(a) (emphasis added).

   In *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 140-42 & nn. 8-9 (1985),

the Supreme Court noted ERISA's primary concern was with the possible misuse or poor

management of plan assets, and stated that the "loss to the plan" language in 29 U.S.C. § 1109

limits claims to those that inure to the benefit of the plan as a whole and not to the benefit only

of individual plan beneficiaries.  Based upon the language in 29 U.S.C. § 1109 and the holding

in *Massachusetts*, courts have held that, absent any allegation that a loss was suffered by the plan

as a result of the breach of fiduciary duty, a plaintiff seeking an award of benefits did not state a

claim for breach of fiduciary duty.  *See, e.g., Matassarin v. Lynch*, 174 F.3d 549, 566 (5th Cir.

1999), *cert. denied*, 528 U.S. 1116 (2000); *Hein v. F.D.I.C.*, 88 F.3d 210, 222–23 (3rd Cir.

1996).

MEMORANDUM DECISION AND ORDER - 13

Jensen has not alleged in his Amended Complaint that the Plan suffered any loss.  The Court rejects Jensen's novel argument that the Plan has suffered liabilities because it failed to pay Jensen the benefits he seeks in this action.  Rather, the only loss and resulting damage claimed is Jensen's alleged personal loss of $942.00 per month.  Because Jensen seeks to recover benefits allegedly owed to him in his individual capacity, his action is not authorized by 29 U.S.C. § 1109 as a matter of law.  *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1162 n.7 (3d Cir.1990).  Accordingly, Jensen's second claim for relief will be dismissed.

> **3.     Claim for Damages Against FedEx for Detrimental Reliance and Equitable Estoppel.**

An ERISA beneficiary may recover benefits under an equitable estoppel theory if he establishes a material misrepresentation, reasonable and detrimental reliance upon the representation, and extraordinary circumstances.  *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d at 1331.[3]  The Ninth Circuit has imposed two additional criteria for relief, requiring a plaintiff to prove that the provisions of the plan are ambiguous such that reasonable persons could disagree as to their meaning or effect; and second, that representations were made to the employee involving an oral interpretation of the plan.  *Id.*  Unless both conditions are satisfied, a beneficiary has no equitable estoppel claim.  *Id.* (citing *Greany v. Western Farm Bureau Life Ins. Co.*, 973 F.2d 812, 821–22 (9th Cir. 1992)).

Jensen alleges that he relied upon the Sun Policy to his detriment, because had he known about the elimination of the custody exception in the Standard Policy, he would have purchased other insurance.  He attempts to fit the facts into the above requirements without success.  First,

---

[3]  Plaintiff appears to assert two theories subsumed in one claim, for detrimental reliance and equitable estoppel. However, detrimental reliance is an element of equitable estoppel, and does not constitute a separate theory of recovery.

**MEMORANDUM DECISION AND ORDER - 14**

he argues that the material misrepresentation prong is satisfied because FedEx provided him with the wrong Plan description, did not notify him that the Sun Policy had been cancelled, and did not provide a summary of the differences between the two insurance policies.  Providing him with the wrong plan description conceivably could be considered a misrepresentation, but the misrepresentation did not concern the Plan's provisions.  It simply gave Jensen the impression that Sun, not Standard, would be paying his long-term disability benefits.

Second, Jensen claims he relied upon the fact that the Sun Policy was in effect due to his divorce and change in custody of his daughter.  However, Jensen's reliance must have occurred prior to his disability in order for his reliance to be reasonable as a matter of law.  (*See* Reply Brief at 13, Docket No. 23) ("At any time before he became disabled, Steve could have been properly placed in a position by FedEx or Standard to determine whether Standard Insurance coverage was adequate to cover his living costs upon disability or whether he needed to purchase a private disability policy to supplement his SSID payments . . . .").

Such "reliance," even if true, stretches the bounds of credulity.  Jensen became disabled in August 2004.  He knew then that the benefits he would receive would be offset by any outside income sources, which under either policy resulted in a $942.00 reduction due to his daughter's Social Security disability payment made payable to him.  However, it was not until his divorce and the change in custody of his daughter in November of 2005 that the custody exception in the Sun Policy meant anything to him.  If Jensen truly relied upon the Sun Policy custody exception to his detriment, as alleged, he would have to assert that he knew his divorce and the resulting custody arrangement was imminent well before he was disabled in August 2004, such that he could and would have purchased other insurance.  Otherwise, the custody exception, or lack

**MEMORANDUM DECISION AND ORDER - 15**

thereof, had no meaning at the time of his disability.  Jensen did not allege such facts in the Amended Complaint.

Jensen's reliance is not reasonable as a matter of law for a second reason.  He claims that he believed Sun was the Plan insurer.  Yet, he signed a Disability Benefits Statement on January 19, 2005, emblazened with the Standard Insurance logo and moniker.  The form also contained a disclaimer expressly stating that benefits might be reduced by income received from other sources, such as Social Security.  Accordingly, the Court finds that under the facts alleged, Jensen has not established reasonable reliance as a matter of law.

Third, Jensen has not alleged facts sufficient to satisfy the requirement of extraordinary circumstances.  The only circumstances alleged are FedEx's failure to provide Jensen with the correct copy of the Plan brochure for the Plan in effect, and the failure to notify him that Standard, not Sun, was the insurer.  Neither of these facts seem particularly extraordinary.  Rather, they appear to involve a inadvertent mistake on FedEx's part.

Fourth, Jensen has not alleged facts sufficient to satisfy the ambiguity requirement.  Jensen argues that the ambiguity was created because he believed the Sun Policy to be effective, and because the Standard Policy was actually in effect his understanding of his benefits is directly contradicted by the lack of the custody exception in the Standard Policy.  However, the test requires the plan terms themselves to be ambiguous.  Jensen admits that the provisions of both the Sun Policy and the Standard Policy are "plain."  (Reply Brief at 13, Docket No. 23.) The Court rejects Jensen's convoluted theory of ambiguity, and finds that this prong of the test also is not satisfied.

Finally, Jensen has not alleged that any representations were made to him involving an

oral interpretation of the Plan.  Rather, no oral representations were made to him at all.  Jensen admits that there "is no evidence showing any representation of policy benefits by Defendant Standard or FedEx during the entire year of 2004."  (Reply Brief at 13, Docket No. 23.)  The only representation was the mistake of giving Jensen the Sun Policy description rather than the Standard Policy description.  If there was no representation at all, it stands to reason that no oral representation was made concerning an interpretation of the Plan.  Jensen therefore has not alleged facts sufficient as a matter of law to satisfy the final prong of the test.

Accordingly, the Court finds that Jensen has not stated facts sufficient to entitle him to relief under an equitable estoppel theory, and that there are no disputed issues of material fact showing that there is a genuine issue for trial.  Jensen's third cause of action will be dismissed.[4]

### 4.    Claim Against FedEx for Declaratory and Injunctive Relief under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3).

Beneficiaries may bring suit to clarify their right to future benefits under the terms of the plan, 29 U.S.C. § 1132(a)(1)(B), or "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan," 29 U.S.C. § 1132(a)(3).

Jensen seeks a declaration that FedEx's actions constitute a violation of its ERISA fiduciary duties, an order that FedEx restore to the Plan and to Jensen all losses incurred by FedEx's improper actions, and an order enjoining FedEx from further violations of ERISA. (Reply Brief at 14, Docket No. 23.)  FedEx argues that, since Jensen did not allege sufficient

---

[4]  The Court looked to Jensen's reply brief for his theories on how the elements of equitable estoppel had been plead satisfactorily.  The Amended Complaint only alleged that Jensen detrimentally relied upon FedEx's provision of the Sun Policy brochure rather than the Standard Policy brochure, and did not allege or set forth facts concerning the additional four prongs of the test for equitable estoppel.

**MEMORANDUM DECISION AND ORDER - 17**

facts to prevail on his other theories, there is no basis upon which to grant declaratory or injunctive relief.  The Court agrees with FedEx.

Absent sufficient facts to state a claim under breach of fiduciary duty, equitable estoppel, and his claim for benefits under the theory that FedEx failed to follow ERISA's record keeping requirements, Jensen has not set forth facts to state a claim for relief under ERISA's declaratory and equitable relief provisions, and there are no facts showing a genuine issue for trial.  Absent a finding that the facts as alleged are sufficient to state a claim for breach of fiduciary duty or record keeping violations, there is no basis for declaratory relief.  Additionally, there is no act alleged that the Court can enjoin.  The act of sending Jensen the wrong plan brochure already occurred.  Jensen has not alleged that FedEx deliberately sends the wrong brochure to employees on a regular basis, and therefore one isolated incident is not a continuing violation subject to an injunction.  In fact, Jensen received the Plan brochure containing the Standard Policy when he asked for a second time.  Accordingly, Jensen's fourth claim for relief will be dismissed.

### 5.    Claim for Attorney Fees and Costs.

Because all of Jensen's causes of action are subject to dismissal, he may not maintain a separate cause of action for attorney fees and costs.  *See Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984) (requiring success on the issues in litigation before an award of attorney fees may be considered under ERISA).  Therefore, Jensen's fifth claim for relief will be dismissed.

**MEMORANDUM DECISION AND ORDER - 18**

**IV.**
**Conclusion**

Even considering the factual allegations in a light most favorable to Jensen and accepting them as true, the Amended Complaint has not set forth sufficient facts to state a claim for relief against FedEx or Standard for the reasons discussed above.  Additionally, there are no disputed issues of material fact indicating a genuine issue remains for trial.  Accordingly, FedEx's and Standard's motions to dismiss/motions for summary judgement will be granted and the Amended Complaint dismissed with prejudice.

**<u>ORDER</u>**

Based on the foregoing, and the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1)      Defendant FedEx Freight, Inc.'s Motion to Dismiss Amended Complaint (Docket No. 12) is hereby **GRANTED**.

2)      Defendant Standard Insurance Company's Motion to Dismiss (Docket No. 14) is hereby **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff's Amended Complaint (Docket No. 2) is hereby **DISMISSED** with prejudice.



DATED: December 15, 2009

_____
Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 19**